IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GLOBAL GARLIC, INC.

    Plaintiff

vs.                                            Civ. No. JKB-21-1487

DISTRIBUIDORA MI HONDURAS,
LLC, et al.

    Defendants

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Pending before the Court are Plaintiff's Motion to Strike Defendants' Affirmative Defenses (ECF. No 23) and Defendants' Motion for Leave to File Amended Answer and Affirmative Defenses (EFC No. 24). For the reasons below, Plaintiff's Motion (ECF No. 23) will be denied as moot and Defendants' Motion (ECF No. 24) will be granted.

Plaintiff filed a Complaint to which Defendants filed an Answer. (ECF Nos. 1, 12). Plaintiff then filed a Motion to Strike Defendants' Affirmative Defenses, to which Defendants filed an Opposition. (ECF Nos. 23, 25.) Defendants also filed a Motion for Leave to File Amended Answer, to which Plaintiff filed an Opposition. (ECF Nos. 24, 27.) Plaintiff argues that Defendants' Motion for Leave should be denied based on futility because the proposed amended affirmative defenses fail to satisfy the pleading standards set out in Federal Rules of Civil Procedure 8(b) and 9(b). Plaintiff objects to three affirmative defenses in particular: (1) that Plaintiff's claims are barred by the doctrines of laches, estoppel, waiver, and/or acquiescence; (2) that Plaintiff's claims are barred by the three-year Maryland statute of limitations; and (3) that Plaintiff committed inequitable conduct and/or fraud upon the United State Patent and Trademark Office ("USPTO").

Under Federal Rule of Civil Procedure 15(a)(2), "[t]he court should freely give leave [to file an amended pleading] when justice so requires." A request for "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986). A proposed amendment is futile when it "is clearly insufficient or frivolous on its face." *Id.* at 510.

With respect to pleading an affirmative defense, Federal Rule of Civil Procedure 8(b)(1)(A) requires only that a defendant "state in short and plain terms its defenses to each claim asserted against it." As the Fourth Circuit has explained, "[t]he Federal Rules of Civil Procedure only require that an affirmative defense be definite enough to put the plaintiff on fair notice of its nature." *Ferguson v. Guyan Mach. Co.*, 46 F.3d 1123 (4th Cir. 1995) (table); *see also Clem v. Corbeau*, 98 F. App'x 197, 203 (4th Cir. 2004) (internal quotation marks and citation omitted) ("An affirmative defense may be pleaded in general terms and will be held to be sufficient as long as it gives plaintiff fair notice of the nature of the defense."). Further, this Court reaffirms its earlier holdings that "a defendant's affirmative defenses need not be pleaded according to the *Iqbal–Twombly* standard." *Baron v. Directv, LLC*, 233 F. Supp. 3d 441, 444 (D. Md. 2017) (also explaining that "affirmative defenses need only meet the pleading standard of Rule 8(b)(1)(A)").

Defendants have satisfied the lenient standard set forth in Rule 8(b). First, with respect to the statute of limitations defense, "an affirmative defense pursuant to the expiration of the statute of limitations must reference the appropriate statute of limitations *or* the operative dates." *Nickens v. State Emps. Credit Union, Inc.*, Civ. No. RDB-13-1430, 2014 WL 3846060, at *5 (D. Md. Aug. 4, 2014) (emphasis added) (internal quotation marks and citations omitted). Defendants included

the three-year limitations period in their proposed answer. Second, Defendants assert that "[t]he claims asserted . . . are barred by the doctrines of laches, estoppel, waiver and/or acquiescence. Specifically, the Plaintiff has created inexcusable material delay in filing the present lawsuit, which has resulted in significant and substantial prejudice to Defendants." (ECF No. 24-2 at 17–18.) This formulation of an affirmative defense sufficiently puts Plaintiff on notice of the "nature of the defense," which is all that Rule 8(b) requires. *See Clem*, 98 F. App'x at 203.

This lenient standard does not apply to Defendant's third affirmative defense, however, because fraud must be alleged with more particularity. Where a party alleges fraud, Federal Rule of Civil Procedure 9(b) provides that that "party must state with particularity the circumstances constituting fraud." The "circumstances" that must be plead with particularity "are the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir.1999) (citation and quotations omitted). This heightened standard applies even if fraud is alleged as an affirmative defense. *Bakery & Confectionary Union & Indus. Int'l Pension Fund v. Just Born II, Inc.*, 888 F.3d 696, 704 (4th Cir. 2018).

Defendants have sufficiently alleged an affirmative defense based on fraud. Here, Defendants sufficiently allege the time, place, and contents of the false representations by alleging that that Plaintiff made fraudulent statements to the USPTO in its trademark application with respect to the use of the trademark by a prior user and the meaning of certain words contained in the trademark. (*See generally* ECF No. 24-2.) Defendants also sufficiently allege the identity of the person making the misrepresentation and what he obtained thereby by alleging that Plaintiff made the false representations and, by doing so, obtained a trademark registration. (*See generally id.*) Further, Defendants allege that Plaintiff made these false misrepresentations knowingly and

Federal Rule of Civil Procedure 9(b) requires only that "knowledge[] and other conditions of a person's mind . . . be alleged generally."

Therefore, Defendants' Motion for Leave to File Amended Answer and Affirmative Defenses (ECF No. 24) will be granted. Because Plaintiff filed its Motion to Strike (ECF No. 23) against Defendants' original Answer (ECF No. 12), it will be denied as moot.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's Motion to Strike Defendants' Affirmative Defenses (ECF No 23) is DENIED AS MOOT and

2. Defendants' Motion for Leave to File Amended Answer and Affirmative Defenses (ECF No. 24) is GRANTED.

DATED this __3__ day of February, 2022.

BY THE COURT:

James K. Bredar
Chief Judge